**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL FILE No. 1:16-CV-158-MR
CRIMINAL FILE No. 1:06-CR-252-MR-2**

| | |
|---|---|
| **JACQUES ROBERT JACKSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this habeas action in abeyance. [CV Doc. 5].[1] According to the government's motion, defense counsel has consented to its request. [Id.].

Petitioner was convicted by plea of a Hobbs Act robbery and aiding and abetting the same (18 U.S.C. §§ 2 and 1951), and possession of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)). [CR Doc. 48]. The presentence report noted that Jackson had prior qualifying

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-CV-158-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:06-CR-252-MR-2.

North Carolina convictions that triggered the Career Offender enhancement under section 4B1.2 of the Sentencing Guidelines: in 2004, two convictions for selling cocaine, and two convictions for possessing with the intent to sell or deliver cocaine (all offenses consolidated); and in 2005, one conviction for possession with intent to sell or deliver cocaine, and one conviction for selling or delivering cocaine (both offense consolidated). PSR ¶¶ 33; 34 [CR Doc. 55 at 9-10]. The Court sentenced Jackson as a Career Offender to a total term of imprisonment of 250 months. [CR Doc. 48 at 2].

On June 9, 2016, Jackson commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Jackson contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), a Hobbs Act robbery no longer qualifies as a "crime of violence" under the Guidelines. Consequently, Jackson argues his Career Offender designation is improper and thus his sentence is unlawful. [Id. at 2-4]. Further, Jackson asserts that since his Hobbs Act robbery conviction no longer qualifies as a "crime of violence," it likewise cannot support his § 924(c) conviction and such conviction must be vacated. [Id. at 5].

In response to Jackson's petition, the government has filed a motion to hold this proceeding in abeyance. The government notes that pending in the Fourth Circuit are the cases of United States v. Ali, No. 15-4433 (4th Cir.)

(tentatively calendared for oral argument during the October 25-28, 2016, session), and United States v. Simms, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The appellants in Ali[2] and Simms both contend that a Hobbs Act robbery (and additionally in Ali, conspiracy to commit a Hobbs Act robbery) can no longer be considered a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) and thus any § 924(c) conviction predicated thereon is void. Further, the government notes that this case will be affected by the Supreme Court's decision next Term in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [CV Doc. 5 at 2-3]. One of the questions presented in Beckles is whether Johnson applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in Johnson is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence").

---

[2] Unlike the appellant in Ali, Jackson does not address what effect, if any, the Supreme Court's Johnson decision may have upon his Aiding and Abetting conviction. See Ali, No. 15-4433, Corrected Reply Brief of Appellant, Document No. 68 at 33-34.

Based upon the reasons given by the government, and with Jackson's consent, the Court concludes that the government's motion should be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 5], is hereby **GRANTED** and this matter is hereby held in abeyance pending further orders of this Court. The parties shall notify the Court of the opinions rendered by the Fourth Circuit in the <u>Ali</u> and <u>Simms</u>, and by the Supreme Court in <u>Beckles</u>, within seven days after each such matter is decided.

**IT IS SO ORDERED.**

Signed: July 29, 2016

Martin Reidinger
United States District Judge